United States Court of Appeals,

Fifth Circuit.

No. 93-2508.

The TRAVELERS INDEMNITY CO. OF RHODE ISLAND, Plaintiff-Appellee,

v.

Wanda HOLLOWAY, et al., Defendants,

Verna Rae Heath and Jack Heath, Individually and as Next Friend of Amber Heath, Aaron Heath, Shawn Heath, and Blake Heath, Defendants-Appellants.

March 28, 1994.

Appeal from the United States District Court for the Southern District of Texas.

Before WOOD,[*] SMITH, and DUHÉ, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

The district court held that Travelers Indemnity Company of Rhode Island ("Travelers") had no duty to defend its insured, Wanda Holloway, against a lawsuit for intentional infliction of emotional distress and that such lawsuit was not covered by Holloway's insurance policy. We affirm.

I.

Holloway and Verna Rae Heath are the mothers of two girls who were competing for the same cheerleading position at the Channelview Junior High School. According to the complaint filed in Texas state court by the Heath family, Holloway plotted to kill Verna Rae Heath in order to cause enough distress that Heath's

---

[*]Circuit Judge of the Seventh Circuit, sitting by designation.

1

daughter would lose the cheerleading competition.[1]  Such conduct, alleged the complaint, was "Outrageous Conduct Causing Severe Emotional Distress," a cause of action usually referred to as intentional infliction of emotional distress.

## II.

Travelers brought an action in federal district court seeking a declaratory judgment that it has no duty to defend and that the lawsuit was not covered under Holloway's insurance policy.  The district court granted Travelers's motion for summary judgment and denied the Heaths' motion for summary judgment.  In the district court's view, the insurance policy did not cover the Heaths' state court lawsuit for three reasons.  First, Holloway's conduct did not constitute an "occurrence" under the policy.  Second, Holloway's conduct fell within the policy exclusion for intentional conduct.  Third, Holloway's conduct was not alleged to have caused "bodily injury" as defined in the policy.

## III.

We affirm based upon the "bodily injury" rationale, finding it unnecessary to reach the two other rationales.  Because all relevant questions are matters of law, we review the judgment *de novo.  Enserch Corp. v. Shand Morahan & Co.,* 952 F.2d 1485, 1492 (5th Cir.1992).

The insurance policy limits coverage to suits that result in bodily injury.  The relevant provisions of the policy are follows:

Subject to the provisions and conditions of the policy, and of

---

[1]This matter has become known as the "Pom Pom Mom" case.

this form and endorsements attached, the Company agrees with the insured named on Page I as follows:

COVERAGE D—PERSONAL LIABILITY

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage, and the Company shall defend any suit against the insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent:  but the Company may make such investigation and settlement of any claim or suit as it deems expedient.

. . . . .

BODILY INJURY

The term "bodily injury" means bodily injury, sickness or disease, including death resulting therefrom, sustained by any person.

In order to determine whether Travelers has a duty to defend, we examine the facts in the complaint to see whether they fall within the language of the insurance policy.  *Cluett v. Medical Protective Co.,* 829 S.W.2d 822, 827-28 (Tex.App.—Dallas 1992, writ denied) (reasoning that under the "eight-corners test," a court looks only to the pleadings and the insurance policy to determine whether the insurer has a duty to defend).  A review of the Heaths' second amended complaint, which is the version of the complaint operable before the state court, reveals no allegation of bodily injury.

The complaint says that Holloway caused the Heaths "extreme pain, suffering, emotional anguish, and emotional trauma," that Holloway "infringed" on their "rights," and that the Heaths suffered "severe emotional distress."  The Heaths complain of the "trauma" caused by public scrutiny of their lives, which they claim

3

to have been forever changed. Their "common pleasures" have been "destroyed." The Heath children have been deprived of a "sense of security and well being" and have had to endure "the public spectacle of their family life being invaded and subjected to ridicule." In short, the injuries alleged are typical of those in a claim for intentional infliction of emotional distress.

To determine whether the policy covers the Heaths' lawsuit, we look to the facts of the underlying claim. *Cluett,* 829 S.W.2d at 828. There are no facts in the record evincing any injury other than emotional distress.

Texas law has not yet decided the issue of whether "bodily injury" refers to emotional injury in this situation. In the absence of Texas state court precedent, we conclude that, at least in the context of the policy at issue and the facts alleged here, the phrase "bodily injury" unambiguously excludes the types of nonphysical injuries asserted by the Heaths. Our holding comports with the overwhelming weight of authority from other states. *See National Casualty Co. v. Great Southwest Fire Ins. Co.,* 833 P.2d 741, 746 (Colo.1992) ("The majority of courts that have interpreted bodily injury as it is used in the Hartford policy have determined that it covers physical injury and does not include claims for purely nonphysical or emotional harm.") (citation omitted).

The judgment is AFFIRMED.

4